## CIRCUIT COURT OF FAIRFAX COUNTY

Alison J. Stanley

v.

Shelley Krasnow

### June 26, 1986

### Case No. (Chancery) 89799

## By JUDGE THOMAS A. FORTKORT

In the case at bar, Alice Hatch agreed to sell 8 3/4 shares of stock in a closely-held corporation to Shelley Krasnow. The stock was to be sold for $3,000 per share in three annual installments of 2½ shares and a fourth and final installment of 1¼ shares. The seller retained a right to buy back the shares by paying the purchase price plus 4% interest at any time up to the tender of the last payment of the buyer.

Ms. Hatch is now deceased and her Executor, Alison Stanley, seeks to enforce the buy back provision of the contract.

Mr. Krasnow had made an offer to purchase all the remaining shares of Ms. Hatch's stock which she refused. It is his position that his tender eliminated the re-purchase provisions of the contract and that he was entitled to have delivery of the remaining stock at the time of the tender.

Mr. Krasnow relies on the language of paragraph 4 of the agreement which states:

Seller hereby grants to the buyer the right to vote all her stock through December 31, 1984, or until all shares are purchased whichever event occurs first.

Mr. Krasnow asserts that this language contemplates a purchase price prior to the final installment payment.

The contract calls for four annual payments, three payments to convey 2½ shares and the fourth to convey 1¼ shares. The first payment was due 60 days after signing or November 28, 1981. The second payment would be due January 1, 1982, the third payment due on January 1, 1983, and the fourth and final payment due on January 1, 1984. The voting right expires on December 31, 1984, nearly a full year later. The contract calls for final payment prior to the expiration of the voting right. Thus, the language "whichever event first occurs" can only be read to terminate the defendant's right to vote all the seller's stock should he fail to pay the last installment within a year of its due date.

There is no penalty for the buyer's failure to purchase all of the seller's stock since in the event of a default, he simply keeps his acquired stock under the provisions of paragraph 9 of the contract.

The parties therefore contemplate a partial sale of the seller's stock although the object of the agreement is a full sale. In the event of the buyer's partial default, paragraph 4 limits his right to vote the remainder of seller's stock after a reasonable grace period. Read in this context, paragraph 4 is totally consistent with the entire contract and does not imply that the seller may accelerate his acquisition of stock by full tender of the purchase price.

Since the contract does not contain an acceleration clause either express or implied, the buyer must tender his payments on the due dates. The seller's right to repurchase expires no sooner than the due date of the last installment, January 1, 1984.

Defendant's argument that payment had already been made by a direction from Worth Hatch to Shelley Krasnow to deduct the amount of another debt from the "payments" for stock must also fail on several grounds. Primarily, the mutual failure to credit Krasnow with a loan made to Worth by Krasnow was not a lack of mutuality between Ms. Hatch and Krasnow. As between these parties, Krasnow's failure to include that sum into the terms of this contract is a unilateral failure on his part. The Court also feels said evidence of a prior debt may violate both the Dead Man's Statute and the parole evidence rule.

The Court finds no rule of law whereby the buyer can accelerate his payments to defeat a seller's right to repurchase without an express provision to allow such acceleration of payments. The Court can only respond that Krasnow's assertion that he was entitled to accelerate his payments as a matter of law is without foundation.

The Court will grant the administratrix's demand for specific performance.